*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    518927
_____

In the Matter of the Claim of
    KURT J. WALLENHORST,
                        Appellant.
                                            MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Lahtinen, Egan Jr., Lynch and Devine, JJ.

_____


        Kurt J. Wallenhorst, Buffalo, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.


_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 22, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct.

        It is settled that "[a] claimant's failure, despite
repeated warnings, to follow the reasonable polices of an
employer that, in turn, has a detrimental effect on the
employer's interest has been held to constitute disqualifying
misconduct" (Matter of Manieson [Commissioner of Labor], 119 AD3d
1312, 1313 [2014]).  Here, claimant, a general laborer and shear
operator, acknowledged receiving warnings regarding his refusal
to take instructions from supervisors or "lead" people.  The
employer's witnesses testified that, despite the warnings, he
called the lead person in charge "crazy" and told her to "shut
up" and get out of his department when she attempted to speak
with another coworker performing a joint task with claimant.  The

supervisor further testified that claimant had acted in a similar inappropriate manner on several occasions because he did not want to take orders from anyone.  Under these circumstances, substantial evidence supports the finding of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances (see Matter of Manieson [Commissioner of Labor], 119 AD3d at 1313; Matter of Guess [Commissioner of Labor], 119 AD3d 1256, 1257 [2014]).  Claimant's testimony to the contrary presented a credibility issue for the Board to resolve (see Matter of Haran [Commissioner of Labor], 119 AD3d 1315, 1316 [2014]).

Peters, P.J., Lahtinen, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court